Day, J.
 

 This petition fails to show that the director of finance first certified that there was a balance in the appropriation out of which was to be paid the obligation involving the expenditure of public money in the contract relied on by the relators.
 

 It is true that there is an averment “that the money required to pay for said premises is and was in the treasury of the state of Ohio and not appropriated for any other purpose.” This does not meet the requirements of Section 2288-2, General Code, which provides :
 

 “It shall be unlawful for any officer, board or commission of the state to enter into any contract, agreement or obligation involving the expenditure of
 
 *605
 
 money, or pass any resolution or order for the expenditure of money, unless the director of finance shall first certify that there is a balance in the appropriation pursuant to which such obligation is required to be paid, not otherwise obligated to pay precedent obligations.”
 

 We hold this to be mandatory.
 
 State
 
 v.
 
 Kuhner & King, Partners,
 
 107 Ohio St., 406, 140 N. E., 344. It is the ministerial duty of the director of finance to make the required certificate.
 
 State, ex rel. S. Monroe & Son Co.,
 
 v.
 
 Baker, Dir. of Finance,
 
 112 Ohio St., 356, 147 N. E., 501.
 

 It not appearing on the face of the petition that Section 2288-2, General Code, has been complied with, it becomes our duty to sustain the demurrer upon that ground. Other grounds of the' demurrer were argued by counsel, but it is sufficient to say that they are defensive in character and might be pleaded in an answer. The demurrer to the petition will be sustained.
 

 Demurrer sustained.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Stephenson, JJ., concur.